STEPHEN LEE AND OTHERS, APPELLANTS, *v.* JOHN PFEFFER AND OTHERS, RESPONDENTS.*

*Assignees in bankruptcy appointed by a foreign tribunal — properly made additional parties defendant in an action originally brought against the bankrupts.*

Where an attachment is issued, and property is levied upon thereunder, in an action against defendants, who, after the commencement of the action become bankrupt, and for whom curateurs or assignees are appointed by a tribunal of a foreign nation having jurisdiction in the matter, it is proper to bring such curateurs or assignees, upon their own motion, into the action as additional parties defendant.

* Decided May, 1881.

APPEAL by the plaintiffs from an order granted on the petition of Edouard de Nobele and Felix Vanderstichelen, as curateurs or foreign assignees in bankruptcy, under the laws of Belgium, of the estate of the defendants, John Pfeffer & Co., making such curateurs additional defendants in this action, and allowing them to appear and answer and defend the same, and staying entry of judgment against John Pfeffer and others, the original defendants, until the determination of the action between the plaintiffs and such curateurs.

*Herbert G. Hull*, for the appellants.

*Joseph H. Choate*, for the respondents.

DANIELS, J.:

The action was brought to recover an amount of money claimed to be due from the original defendants to the plaintiffs, and an attachment was issued under which the property of such defendants was seized. They had become bankrupt and curateurs, or assignees, of their estate had been appointed by a tribunal having jurisdiction of the proceedings, in the kingdom of Belgium. These curateurs are the persons whom the order added as parties to the action. The object of the addition was not to place them in a situation where they might be allowed to act offensively in the assertion of rights claimed by them, and for that reason it was not obnoxious to the rule relied upon by the plaintiffs, by which foreign assignees in bankruptcy are not permitted to prosecute rights claimed by them in the courts of this State. The sole and only object of adding them as parties to the action, was the protection of the estate of the bankrupt debtors, and in that way to prevent any larger sum being recovered against it than the justice of the case might appear to warrant. It is not proposed by the instrumentality of the order to deprive the plaintiffs, or any other creditors of the bankrupts, of any legal right existing in their favor under the laws of this State. But the object of the order was to place these parties in a situation where they could take what might be left of the estate after the claims of domestic creditors should be allowed and satisfied.

While the law does not favor parties who may derive their

authority as that was done by these curateurs, it will still permit them to receive the property of the bankrupt debtors and distribute it among their creditors, when no superior right or claim may be presented by parties entitled to the protection of the court. The case of the *Hibernia National Bank* v. *La Combe* (21 Hun, 166), certainly went as far as that, and under its sanction this order was warranted.

The appeal taken from it cannot therefore be sustained, and it should be affirmed, with costs.

DAVIS, P. J., and BRADY, J., concurred.

Order affirmed, with ten dollars costs and disbursements.